UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN O'BRIEN,<br>    Defendant. | Criminal Case No.   1:25-cr-00117-JJM-PAS |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, JOHN O'BRIEN, have reached the following agreement:

1.  Defendant's Obligations.

    a.  Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one-count Information which charges Defendant with wire fraud, in violation of 18 U.S.C. § 1343. Defendant agrees that Defendant will plead guilty to said Information.

    b.  ~~Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.~~

    c.  Defendant will promptly submit a completed Department of Justice Financial Statement to the U.S. Attorney's Office, in a form that the U.S. Attorney's Office provides and as it directs. Defendant agrees that his financial statement and disclosures

will be complete, accurate, and truthful. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate Defendant's ability to satisfy any financial obligation that may be imposed by the Court.

    d.    Defendant further agrees:

        (i)    to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past four years, or in which Defendant has or had during that time any financial interest. Defendant further agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. Defendant further agrees to provide and/or consent to the release of Defendant's tax returns for the previous five years. Defendant further agrees to forfeit to the United States all of Defendant's interests in any asset of a value of more than $1000 that, within the last four years, Defendant owned, or in which Defendant maintained an interest, the ownership of which Defendant fails to disclose to the United States in accordance with this agreement.

        (ii)    to forfeit all interests in any wire fraud-related asset that Defendant currently owns, has previously owned, or over which Defendant currently, or has in the past, exercised control, directly or indirectly, and any property Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of Defendant=s offense, including but not limited to the following specific property:

- $5,565.00 seized from the Defendant at the time of his arrest;

- Proceeds from the sales of two vehicles seized from the Defendant at the time of his arrest, namely a Chevrolet Silverado bearing Massachusetts plate 4BAX13 and a Ram 1500 bearing Massachusetts plate Y48955, the sales of which Defendant will effectuate.

Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

    (iii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    (iv) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or substitute assets for property otherwise subject to forfeiture.

    (v) to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture

carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant also understands and agrees that by virtue of his plea of guilty, he waives any rights or cause of action to claim that he is a Asubstantially prevailing party@ for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. ' 2465(b)(1).

  e. Pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853, and based on Defendant's commission of the illegal act of wire fraud as charged in Count 1 of the Information, Defendant agrees to forfeit a sum of money in the amount of $1,500,000.

  (i) Defendant agrees to make payment in full of the foregoing money judgment forfeiture, in the form of a certified or cashier=s check payable to the U.S. Department of Treasury, by at least 30 days prior to sentencing in this matter. The United States will agree to reasonable continuances of the sentencing date as needed by Defendant in order to arrange for and make timely payment, at least 30 days prior to the rescheduled sentencing date, of the agreed-upon money judgment forfeiture. If the said money judgment amount has not been paid as of the date of sentencing, the agreed-upon money judgment forfeiture shall nonetheless become a part of the judgment of sentence, and the United States shall be entitled pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(ii)  Defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

2.  Government=s Obligations. In exchange for Defendant's plea of guilty:

a.  The government will recommend that the Court impose a term of imprisonment no greater than 56 months on Count 1 of the Information.  In the event that the Court subsequently recalculates Defendant's guideline range as the result of a retroactive guideline amendment, the government reserves the right to advocate for a term of imprisonment up to and including the length of the term of imprisonment that the Court originally imposed upon Defendant pursuant to this Agreement so long as it is not higher than the government's original agreed-upon recommendation point as they existed under the guidelines in effect at the time of this plea agreement.

b.  For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

5

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. If Defendant pleads guilty pursuant to this plea agreement, the government will not bring aggravated identity theft charges under 18 U.S.C. § 1028A, money laundering charges under 18 U.S.C. §§ 1956 and 1957, conspiracy to commit wire fraud under 18 U.S.C. § 1349, and failure to provide notice of change of address under 8 U.S.C. § 1306 based on the offense conduct in this case. Defendant understands that such charges could expose Defendant to a higher guideline range and a mandatory minimum sentence of 24 months imprisonment, which would run consecutively to any other sentence for any count other than an aggravated identity theft count.

f. If Defendant is eligible and applies to transfer his sentence pursuant to the international prisoner transfer program, the U.S. Attorney's Office for the District of Rhode Island ("USAO") agrees to support Defendant's transfer application. Defendant acknowledges and understands, however, that the transfer decision rests in the sole discretion of the Office of International Affairs ("OIA") of the Criminal Division

of the United States Department of Justice and that the position of the USAO is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OIA. Defendant further understands that in addition to OIA, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

  a. Defendant's offense conduct resulted in actual or intended loss of at least $1,500,000 but less than $3,500,000. Accordingly, Defendant should receive a 16-level upward adjustment to his offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(I).

  b. The government agrees to recommend to the Court at sentencing that the adjustment for vulnerable victims under U.S.S.G. § 3A1.1(b)(2) does not apply in this case.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case.

Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6.  The maximum statutory penalties for the offense to which Defendant is pleading are:

    a.  Count One: 20 years imprisonment; a fine of $250,000; a term of supervised release of three years; a mandatory special assessment of $100.

7.  Defendant agrees that, after Defendant and Defendant=s counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8.  Defendant is advised and understands that:

    a.  The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b.  Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c.  Defendant has the right to a jury trial;

    d.  Defendant has the right to be represented by counsel B and if necessary, have the Court appoint counsel B at trial and every other stage of the proceeding;

   e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f. Defendant waives these trial rights if the Court accepts a plea of guilty.

   g. Defendant is not a citizen of the United States, and he recognizes that pleading guilty may have consequences with respect to his immigration status. Under federal law, a broad range of crimes are removable or deportable offenses. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

  9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

  10. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

  11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties= stipulations of fact, offense level adjustments, or the

government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant=s plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant=s obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant=s guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced

Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel=s file, explained it to Defendant, and states that to the best of Counsel=s knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant=s Counsel, understands it, and agrees to its provisions.

| _John O'Brien_ | Oct 28 2025 |
|---|---|
| **JOHN O'BRIEN** | Date |
| Defendant | |
| _Todd A. Spodek_ | 10/31/2025 |
| ID pGQuPTLGJdchJEA9swgoqT5y | |
| **TODD A. SPODEK** | Date |
| Counsel for Defendant | |
| _Taylor Dean_ | November 3, 2025 |
| **TAYLOR A. DEAN** | Date |
| Assistant U.S. Attorney | |
| _Lee Vilker_ | November 3, 2025 |
| **LEE H. VILKER** | Date |
| Assistant U.S. Attorney | |
| Chief, Criminal Division | |

11

12

## eSignature Details

**Signer ID:**     **pGQuPTLGJdchJEA9swgoqT5y**
Signed by:        Todd A. Spodek
Sent to email:    ts@spodeklawgroup.com
IP Address:       71.125.233.43
Signed at:        Oct 31 2025, 7:06 am EDT